PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| YAHWEH BEN YAHWEH BEN YAHWEH, )<br>)<br>    Plaintiff, )<br>)<br>    v. )<br>)<br>BUILDING NEIGHBORHOODS OF )<br>YOUNGSTOWN, )<br>)<br>    Defendant. ) | CASE NO. 4:24-CV-671<br><br>JUDGE BENITA Y. PEARSON<br><br>**MEMORANDUM OF OPINION<br>AND ORDER** |

*Pro se* Plaintiff Yahweh Ben Yahweh Ben Yahweh filed this action against Building Neighborhoods of Youngstown, an Ohio non-profit corporation with its principal place of business in Youngstown, Ohio. Plaintiff contends that he is a general contractor who was hired by Defendant to repair and replace roofs. He alleges Defendant discriminated against him by terminating his contract. He seeks monetary relief.

Plaintiff also filed a Motion to Proceed *In Forma Pauperis.* ECF No. 2. Plaintiff's Motion to Proceed *In Forma Pauperis* is granted. For the reasons below, the Complaint is dismissed.

**I. Factual Allegations**

Plaintiff states that he is an African American working in the construction industry as a general contractor. ECF No. 1 at PageID #: 1, 2. He indicates his principal place of business is

(4:24cv671)

in Solon, Ohio. ECF No. 1 at PageID #: 1. He alleges he is a qualified journeyman carpenter and a member of Local 526 Union. ECF No. 1 at PageID #: 2.

Plaintiff alleges that on January 15, 2024, he entered into an agreement with the Defendant. ECF No. 1 at PageID #: 2. Plaintiff attached a receipt for a payment he made to Defendant in the amount of $825.00. ECF No. 1-1. The receipt indicates that $ 800.00 of the amount paid, was a registration fee, which would be returned to him upon his withdrawal from the program, provided that he had "no claims" (against him) or "unfinished work". ECF No. 1-1 at PageID #: 6. Plaintiff states that, on February 22, 2024, he was induced by Defendant to replace and repair roofs. ECF No. 1 at PageID #: 3. He claims the work was performed "in a work like manner and according to the standards required to schedule and staff projected bids." ECF No. 1 at PageID #: 3. He alleges Defendant terminated his services, giving Plaintiff "a negative and false evaluation . . . to justify their acts of past business grievances." ECF No. 1 at PageID #: 3. He contends Defendant acted in a discriminatory manner, but does not elaborate or explain this statement. Plaintiff asserts that Defendant violated 31 U.S.C. § 6711 and 42 U.S.C. § 1983. Plaintiff seeks unspecified monetary damages.

## II. Standard for Dismissal

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), courts are required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e), if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*,

2

(4:24cv671)

490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in [the] complaint." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. Bell Atl. Corp., 550 U.S. at 555. A plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. Id. In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. Bibbo v. Dean Witter Reynolds, Inc., 151 F.3d 559, 561 (6th Cir.1998).

### III. Law and Analysis

Plaintiff cites to 42 U.S.C. § 1983 as a basis for federal subject matter jurisdiction. To establish a *prima facie* case under 42 U.S.C. § 1983, Plaintiff must assert that a person acting under color of state law deprived him of rights, privileges, or immunities secured by the

3

(4:24cv671)

Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981) (overruled on other grounds). Generally to be considered to have acted "under color of state law," the Defendant must be a state or local government entity, official or employee. Building Neighborhoods of Youngstown is a private party, not a governmental entity.

For a private entity to "act under color of state law" for § 1983 purposes, "its actions [must] so approximate the state action that they may be fairly attributed to the state." *Lansing v. City of Memphis*, 202 F.3d 821, 828 (6th Cir. 2000). The Sixth Circuit employs three tests in order to determine whether a private entity meets this requirement: (1) the state compulsion test; (2) the symbiotic relationship or substantial nexus test; and (3) the public function test. *Id.*; *Wolotsky v. Huhn*, 960 F.2d 1331, 1335 (6th Cir. 1992). Plaintiff states that Building Neighborhoods of Youngstown received a grant under the American Rescue Plan. Accepting public funds to finance activities is not sufficient to render a private corporation a state actor for purposes of § 1983. *Crowder v. Conlan*, 740 F.2d 447, 450 (6th Cir.1984). Plaintiff fails to allege facts sufficient to suggest Defendant could be considered a state actor.

Furthermore, Plaintiff fails to state a claim upon which relief may be granted under § 1983. He alleges Defendant engaged in "discriminatory conduct," but provides no factual allegations to explain or support this claim. It is stated as a legal conclusion. Legal conclusions, alone, are not sufficient to state a claim. *Iqbal*, 556 U.S. at 678.

Plaintiff also cites to 31 U.S.C. § 6711 as a basis for the Court's federal question jurisdiction. That statute "prohibits discrimination in a program or activity of a unit of general local government because of disability, race, color, national origin, or sex if the government

4

(4:24cv671)

receives a payment under Chapter 67 of Title 31." *Tocarchick v. Fouts*, No. 22-12545, 2022 WL 16855783, at *2 (E.D. Mich. Nov. 10, 2022) (internal quotation marks omitted). That statute provides payments to local governments to carry out programs related to "education to prevent crime," "substance abuse treatment to prevent crime," and "job programs to prevent crime." *See* 31 U.S.C. § 6701(a)(2). Although Plaintiff alleges in a conclusory manner that Defendant engaged in discriminatory conduct, his allegations do not relate to the programs identified in § 6701, which is required to establish a violation of § 6711. Moreover, there is no indication that Plaintiff exhausted his administrative remedies before filing suit. *See* 31 U.S.C. § 6716(b) (requiring exhaustion of administrative remedies before a claim under § 6711 may be filed in federal court). Plaintiff's claim under 31 U.S.C. § 6711 is also dismissed.

Given its best liberal reading, Plaintiff alleges that Defendant entered in a contract with him and breached the terms of that contract. Contract disputes are matters of state law, not federal law. Contrary to Plaintiff's assertion, he has not established diversity of citizenship jurisdiction. Diversity of citizenship is applicable to cases of sufficient value between "citizens of different states." 28 U.S.C. § 1332(a)(1). To establish diversity of citizenship, a plaintiff must establish that he is a citizen of one state and all of the defendants are citizens of other states. *Von Dunser v. Aronoff*, 915 F.2d 1071, 1072 (6th Cir.1990). Plaintiff indicates that he is a citizen of the United States and a resident of Ohio. He does not indicate that he is a citizen of a state other than Ohio. He also indicates that Defendant is a non-profit corporation incorporated in Ohio with its principal place of business in Ohio. A plaintiff in federal court has the burden of pleading sufficient facts to support the existence of the Court's jurisdiction. Fed. R. Civ. P. 8. In

5

(4:24cv671)

a diversity action, the plaintiff must state the citizenship of all parties so that the existence of complete diversity can be confirmed. *Washington v. Sulzer Orthopedics, Inc.,* No. 03-3350, 2003 WL 22146143, at *1 (6th Cir. Sept. 16, 2003). The Complaint suggests that Plaintiff and Defendant are both citizens of Ohio. Therefore, federal subject matter jurisdiction cannot be based on diversity of citizenship.

### IV. Conclusion

Accordingly, Plaintiff's Motion to Proceed *In Forma Pauperis* (ECF No. 2) is granted. This action is dismissed pursuant to 28 U.S.C. § 1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

| | |
|---|---|
|    August 6, 2024 |    */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson |
| | United States District Judge |